# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN R. THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:11CV2201 ERW |
| | ) |
| DEAN MINOR, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2244.

Petitioner argues that his untimely filing should be exempted from the statute of limitations set forth in § 2244 because he is "actually innocent" of the crime which he was convicted. Specifically, petitioner argues that he does not meet the three predicate requirements of Mo.Rev.Stat. § 577.023.1(2)(a) for classification as

---

[1] On February 16, 2012, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

a chronic offender. Thus, petitioner argues that his criminal sentence "demands reversal."

Although a showing of actual innocence may excuse an untimely filing, the petitioner has "to show some action or inaction on the part of respondent that prevented him from discovering the relevant facts in a timely fashion, or at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002). Petitioner has failed to offer any explanation of how he was unaware of the facts related to his classification as a chronic offender at the time he entered a guilty plea in his underlying criminal action. Nor has petitioner offered any explanation of how an allegedly false guilty plea, which was apparently known to him at the time he entered the plea, prevented him from filing a petition for writ of habeas corpus in a timely fashion. Given these gaps in petitioner's arguments, the Court will decline to excuse petitioner's untimely filing. As a result, this action will be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** as time-barred. Rule 4 of the Rules Governing § 2254 Proceedings.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 20th day of March, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE